Webb vs. Jeffries, &c.

CASE 54—PETITION ORDINARY—SEPTEMBER 19.

# .Webb vs. Jeffries, &c.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1.  To a petition on a merchant's account for an alleged balance of $620 on an account for merchandise, without any specifications of the articles sold, an answer denying that the defendant was indebted on the account presented by the petition more than $500, was sufficiently responsive; and on the issue thus formed the plaintiff on the pleadings was entitled to a judgment for only $500.

2.  A bill of particulars, not filed with and as part of the petition or an amended petition, but simply *lodged* in the action before appearance or answer, is not part of the record, and may be wholly disregarded, and not responded to by the answer.

HUSTON,                                    For Appellants.

HUNT & BECK,                               For Appellees,

CITED—

*Code*, sec. 887, 891, 904.

18 *B. M.*, 60; *Francis vs. Francis.*

*Myers' Sup.*, 488.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

As in a common law action of *indebitatus assumpsit* for goods, wares, and merchandise, the appellees, merchants in the city of *Cincinnati*, sued the appellant of the city of Lexington, by petition ordinary, conformably with our Code of Practice, for an alleged balance of $620 of a long account for "*merchandise*," without any specification of the articles sold. The petition was filed on the 21st of November, 1866, and exhibited that general account as the only basis of the action. Before answer or appearance, a long bill of particulars, occupying sev-

enteen pages of foolscap, was filed by the appellees, and on the next day, the 15th of February, 1867, judgment by default was rendered againt the appellant for $620, and interest thereon from the 21st of November, 1866.

On a subsequent day of the same term the appellant filed her affidavit, accounting for her non-appearance before judgment for reasons satisfactory to this court, and which, supported by other affidavits, seemed satisfactory to the circuit judge. And thereupon, she moved to set aside the judgment and to permit her to file an accompanying answer, denying that she was indebted on the account presented by the petition more than $500. But the court, considering the answer too general for an issue, overruled her motion. And so, if that judgment stand, the judgment for $620 also stands.

Had the bill of particulars, instead of the general account, been filed as an exhibit with the petition, or been afterwards presented by an amended petition as a true specification of the articles of merchandise embraced in the account on which the action was founded, the rejected answer would have been fatally irresponsive in not denying that the respondent had bought all or any of the articles charged at the prices charged, or in not alleging partial payment, reducing the amount tacitly admitted to have been once due.

But the appellant was bound to answer only the petition *as filed* on the account annexed to it. The bill of particulars, which neither accompanied nor formed a part of the petition, was not to be answered, nor would necessarily, or probably even, have been seen by looking at the petition to see what was to be answered.

Then, considered as it was, in legal character and effect, a response to the petition as *it* was, the answer

was a sufficient negation of indebtedness to the extent of the demand and admission of indebtedness for $500 thereof. And, as such an answer would have been good in *indebitatus assumpsit*, it must, in like manner and to the same extent, be good in the statutory form of the same action as brought by the petition in this case on a general account for "merchandise," as the consideration of an implied promise to pay the amount of its value. And this is clearly implied by the principle of the case of *Francis vs. Francis*, 18 *B. Mon.*, cited by the counsel of appellees for another purpose.

We are of the opinion, therefore, that the circuit court ought to have set aside the judgment by default, and permitted the appellant to file her proffered answer, and thereupon substituted a judgment for the admitted $500.

On the return of the cause the appellees may amend their petition by exhibiting their bill of particulars as specific evidence of the indebtedness sued for; and then the appellant must answer more directly and specifically.

Judgment reversed, and cause remanded for further proceedings, admitting the rejected answer, and permitting an amended petition, which, if filed, must be also properly answered, and correcting the judgment for $620 by reducing it to $500.