JUDGE HARDIN
delivered the opinion of. the court.
In this action, which was an ordinary suit of the appellee against A. S. Thruston, on an account amounting to $442.60, the defendant plead as a set-off an account consisting of various items, amounting to $688, to which the plaintiff filed a reply.
Thruston afterward died, and the action was revived in the name of Harriet Thruston, his administratrix; and *17 the decedent’s estate being involved in a suit in equity of W. H. Kerney against H. Thruston, etc., this action was transferred to the equity docket, and consolidated^ therewith.
In the two suits the following judgment was subsequently rendered: ‘ ‘ The questions touching the claim of James Oldham was presented to the court, and the administrator moved that the counter-claim plead against Old-ham be taken for confessed, on account of the insufficient-denials in the reply; and the court, being advised, overruled the motion, to which said administrator excepts; and thereupon the court determined that three hundred dollars of the claim of said Oldham was proven, and was a just claim against the estate of the decedent, and to this the administrator excepted; and the report of the commissioner herein is now confirmed, and James Wier, receiver, is ordered to collect and pay the several claims reported by the commissioner, including the three hundred dollars to Oldham.” From that judgment this appeal is prosecuted by Thruston’s administratrix.
The only material question to be determined is whether the defendant’s set-off was sufficiently controverted by the reply to impose on her the burden of proving it; for if it was not — and consequently the court should, under section 153 of the Civil Code, have taken the alleged matters of set-off as true — the judgment for the payment of three hundred dollars was palpably erroneous.
The sufficiency of the reply must be tested by the 133d section of the Code, which 'provides that “when the answer contains new matter constituting a counter-claim or set-off, the plaintiff' may reply to such new matter, denying each allegation controverted by him, or any knowledge or information thereof sufficient to form a belief; and may allege, in concise language, any new *18 matter not inconsistent with the petition constituting a defense to the counter-claim or set-off.”
The requisites of a reply thus indicated are, so far as they apply to this case, substantially the same as those of a valid answer, prescribed by the 2d and 3d subdivisions of section 125 of the Code. Under those provisions it is- essential to a good defense that the answer shall either, first, contain a denial of the averments of the petition, or such of them as must be sustained, in order that the plaintiff* can recover, or a denial of any knowledge or information thereof sufficient to form a belief; or second, allege some new matter constituting a defense, counter-claim, or set-off.
But- what is necessary to constitute a sufficient denial in any particular case must depend on the import of the petition, or of the counter-claim or set-off* presented by an answer. Such pleadings, -when founded’ on an account as in this case, have been construed to relate to it, and by implication to allege what may reasonably be inferred, from the statement of the items of the account; and if, for example, the foundation of the action is an ordinary account for goods, the petition, although in the brief form prescribed for use under the Code, will be taken to allege a sale and delivery of the goods to the party charged, upon an express or implied promise to pay therefor the price stated in the account; and the answer therefore, to be sufficient as a denial, should controvert some material part of these actual or constructive averments; and it will not suffice to simply deny some mere conclusion of law; as to deny that the defendant is indebted as alleged, or that the account is just. (Francis v. Francis, 18 B. Mon. 57; Webb v. Jeffries, &c., 2 Bush, 221; Clark, &c. v. Finnell, &c., 16 B. Mom 329.)
There is one item, and only one, in the account pleaded *19 as a set-off in this case, which, is, in our opinion, sufficiently controverted by the reply. That item is as follows: “ To cash retained and loaned you on sale of boy John, one hundred dollars.” The reply to this is: “He denies he retained or received on loan'one hundred dollars on sale of boy John.” This denial is as broad as the statement referred to seems to require, and substantially controverts the grounds of the claim of one hundred dollars.
None of the other denials of the reply seem to import more than a negation of immaterial facts or mere conclusions of law. But, as the reply was partially sufficient, the court properly refused to take the entire set-off' as confessed. Nevertheless the judgment of three hundred dollars was erroneous; for, excluding the item of the set-off of one hundred dollars as controverted, the whole of the residue, exceeding the plaintiff’s entire claim, remained virtually admitted by the pleadings.
On the return of the cause both parties should he permitted to amend their pleadings if they should desire to do so, and time should be allowed for further preparation.
Wherefore' the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.