## A. P. BONYSSON v. THOMPSON & GILSON.

**Pleading—Sufficiency of Answer.**
> A petition on an action of account, did not refer to the exhibit attached, as a part thereof, nor made a bill of particulars. Held that an answer thereto was not necessary.

**Same.**
> Nor could the defendant be required to admit or deny particular items, not so alleged by implication.

**Same.**
> A demurrer to the answer, for insufficiency, was improperly sustained.

APPEAL FROM MCCRACKEN CIRCUIT COURT.

November 23, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Acording to the decision of this court in the case of *Webb v. Jeffries, etc., 2 Bush 221,* and the more recent case of Thurston's admr. v. Oldham, the demurrer to the answer of the defendant was erroneously sustained.

It was said in the last named case in accordance with the cases of *Frances v. Frances, 18 B. Monroe, 57,* and said case of *Webb v. Jeffries etc.,* that

> "what is necessary to constitute a sufficient denial in any particular case must depend on the import of the petition or of the counter-claim or set-off presented by an answer. Such pleadings when founded on an account, as in this case, have been construed to relate to it and by implication, to allege what may be reasonably inferred from the statement of the items of the account; and if for example the foundation of the action is an ordinary account for goods, the petition, although in the brief form prescribed for use under the Code, will be taken to allege a sale and delivery of the goods to the party charged upon an express or implied promise to pay therefor the prices stated in the

account, and the answer therefore, to be sufficient, as a denial, should controvert some material part of these actual or constructive averments."

The paper filed showing the aggregate sum claimed, is not referred to in the petition, as it should have been if intended to be treated as the foundation of the action. (*Hill, etc. v. Barrett, etc., 14 B. Monroe, 83.*) But if it was, as it is not a bill of particulars, it does not render the averments of the petition more specific, nor render greater particularity in the answer necessary. The bill of particulars afterwards filed might have had that effect, but according to the case of *Webb v. Jeffries, etc., supra,* as it was not so referred to as to make it the foundation of the action, the defendant was not bound to respond to it.

The only remaining question, then, is whether the answer is sufficiently explicit so far as it purports to controvert the plaintiffs claim, as set forth in the petition.

The defendant could not be required to admit or deny particular items of the claim, for it was not so alleged in terms or by implication. But admitting the sum of $150 of the account as just, including the credit of $13, it seems to us the answer sufficiently controverted the residue of the claim as presented by the petition.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*King, for appellant.*