CASE 76—PETITION EQUITY—APRIL 25.

# Walker v. Thomas.

### APPEAL FROM OWEN CIRCUIT COURT.

1. No RIGHT TO USE AS SET-OFF AGAINST JUDGMENT A PAYMENT WHICH DEFENDANT FAILED TO PLEAD AT PROPER TIME.—Where the defendant in an action allows judgment to be rendered against him without pleading a payment which he has made upon the claim sued on, he can not thereafter, in the absence of fraud or mistake, have the judgment modified by a court of equity, or enjoin its collection in order that he may use as a set-off the payment which he failed to plead at the proper time. And this is true, although the plaintiff in the judgment be a non-resident, provided he has not become a non-resident since the judgment was rendered.

2. SAME—PRAYER FOR RELIEF.—If the defendant in a judgment can, by a subsequent action, recover payments which he failed to plead at the proper time, he must do so by a common law action; his prayer "for all proper relief," in a petition in equity to enjoin the collection of the judgment, will not authorize such a recovery.

EVAN E. SETTLE AND J. J. ORR FOR APPELLANT.

1. A judgment in an ordinary action can not be modified by an order in an equitable action, except for a defense arising or discovered subsequent to the rendition of judgment in the ordinary action. (Civil Code, sec. 17.)

2. A defense that could have been pleaded in an action before judgment is not afterwards available. (Dickinson v. Trout, 8 Bush, 444; Alexander v. Lewis, 1 Met., 409; Brown v. Scott, 2 Bibb, 635; Harrison v. Lee, 7 J. J. M., 172; Whitington v. Roberts, 4 Mon., 173; Brinck v. Wood, 43

Walker v. Thomas.

Barb., 315; Bigelow on Estoppel, 117; Marriott v. Hampton, 7 T. R. 269; Long v. Mansfield, 17 Mass. 394· Roe v. Young, Law Rept. (Ky.), June 2, 1886.

O. B. HALLAM for appellee.

1. Section 17 of the Civil Code does not apply when the judgment sought to be modified was rendered in an equitable action.

2. A plea of payment is in the nature of a plea of confession and avoidance, and is not construed with the same stringency as other pleas. (Howell v. Tort, 10 Com. Bench (N. S.), 813. )

3. Notwithstanding there is a judgment on a debt an action may be maintained by the defendant in the judgment to recover back money paid on the debt prior to the judgment. (Rowe v. Smith, 16 Mass., 306, Fowler v. Shearer, 7 Mass., 14; Smith v. Weeks, 26 Barb., 463· Wake v. Bk. of Commonwealth, 2 Dana, 394.)

JUDGE BENNETT delivered the opinion of the court.

Section 17 of the Civil Code of Practice provides: " A judgment obtained in an ordinary action shall not be annulled nor modified by any order in an equitable action, except for a defense which arises or is discovered after the rendition of the judgment. But such judgment does not prevent the recovery of any claim which was not, though it might have been, used as a defense by way of set off or counter-claim in the action."

Macklin's Executor, in the case of McCown v. Macklin's executor, 7 Bush, 308, had recovered a common law judgment on two notes against McCown, as the surety of Pepper. McCown, after having replevied these judgments, instituted an action in equity for the purpose of enjoining the collection of $531.17 on the first named judgment, and $133.96 on the other judgment, on the grounds, that said sums were in excess of what was really due upon said notes; that Pepper, having made payments which were not credited on the notes, and stipulated for the payment of usurious interest

which was embraced in the notes, the credits not. entered upon the notes and the usury embraced therein amounted to said sums; that Pepper, the principal. obligor, was insolvent and discharged in bankruptcy,. and had not, before judgment was rendered, informed him, McCown, of the foregoing matters of defense, which he did not himself know; therefore, he could not plead them as a defense. It was held, in accordance with section 14 of the old Code, which section was similar to section 17 of the present Code, above quoted, that a judgment obtained in an ordinary action could not be annulled or modified by any order in an equitable proceeding, except for a defense arising or discovered since the judgment was rendered; that, as the record disclosed that McCown did possess such general knowledge of the supposed payments and usury as to have enabled him to defend the common law actions to the extent of these matters, and having failed to do so, he was estopped from enjoining the collection of said judgments.

In the case of Emmerson's administrator v. Herriford, 8. Bush, 230, Cook, as the administrator of Emmerson, filed his petition in equity for a settlement of his intestate's estate. Herriford appeared and filed an answer, making the same a cross petition against Cook, in which he set up two judgments against Cook as administrator of Emmerson, which he recovered in the Hickman Circuit Court, to be levied of assets, etc., and suggested a *devastavit*. Cook assailed these judgments upon the ground that Emmerson, in his lifetime, had fully satisfied the claims upon which the judgments were rendered. It was held that the defense was not available.

The appellant in the case at bar, recovered a judgment on each of two notes, by default, in the Owen Circuit Court, against the appellee—one for about $280, the other for about $700. The appellee was indulged on these judgments about three years, during which time he paid off the small judgment, and also paid some on the large judgment, after which time the execution was issued on the large judgment, which was levied on some property belonging to the appellee; the appellee filed his petition in equity against the appellant, which was thereafter amended, in which it was alleged, in substance, that before the judgments were rendered on said notes, and during their existence, the appellant wrote to the appellee, requesting him to send him three hundred and ten dollars, which he did; that "nothing was said in said letter as to the debt to which it was to be applied, or that it was to be applied to any debt, nor was anything said by this plaintiff, in sending the money, as to its being a payment on any indebtedness, but the money was received and appropriated by said Walker to his own use, and this plaintiff supposed and believed that on final settlement between himself and said Walker, he would receive a credit for said amount, and, for that reason, he made no defense to either of said actions." These allegations, except getting the three hundred and ten dollars, were denied.

The appellee, on the trial, swore, as a witness, in substance, that the appellant wrote to him, saying that if he, the appellee, would pay off the small note which was unsecured, he, the appellant, would wait on him for the payment of the large note, which was secured, and he

sent the three hundred and ten dollars to the appellant as a payment on the small note. So, according to the appellee's evidence, said sum was sent and received as a payment, and not as an advancement or loan. Said sum, according to the appellee's contention, having been sent to the appellant as a payment, the case is similar, in fact and in principle, to the two cases above referred to, except, in this case, it is not alleged that the appellee did not know of the defense at the time the judgments were rendered; but it is admitted he did know of the defense, and it is impliedly admitted that he intentionally failed to make the defense. Nor was mistake or fraud alleged. These differences bring this case more clearly and strongly within the principle announced in the cases, *supra*. Also, there is one other difference between this case and the cases *supra*, to-wit: In this case it is alleged that the appellant was a non-resident, but it is not alleged that he became a non-resident since he obtained the judgments on the two notes.

In the case of Moss v. Rowland's Executor, 1 Duvall, 321, the question being whether or not a judgment by default could be thereafter modified by allowing, as a set-off, usury which existed prior to the rendition of the judgment, and the plaintiff, subsequent to the rendition of the judgment, becoming a non-resident, it was held that the plaintiff becoming a non-resident after the rendition of the judgment, an equitable jurisdiction thereby attached to set off usury against the judgment, which set-off existed prior to the rendition of the judgment. It was expressly held that becoming a non-resident after the rendition of the judgment gave the court equitable

jurisdiction of the set-off. Where the plaintiff is a resident at the time he obtains the judgment the defendant has the right to presume that the plaintiff will continue his residence in the State, whereby he will at any time be able to obtain personal judgment against him on his set-off; but if the plaintiff thereafter voluntarily deprives the defendant of jurisdiction over him, a new equity thereby springs up in the defendant's favor, which allows him to modify the judgment to the extent of the set-off; but where the plaintiff is a non-resident at the time he seeks the judgment, the defendant must make his defense, or thereafter hold his peace in reference to said judgment.

The appellee does not seek to recover judgment for the supposed excess of payment, nor does he ask for judgment, in his prayer, for said excess. His prayer is that the appellant be enjoined from collecting his judgment, except the sum of $274.32. Therefore, if the appellee has the right to recover the alleged excess of payment after a final judgment has been rendered, a common law action is his remedy, which the concluding part of his prayer—for all proper relief—does not embrace in this action in equity.

The judgment of the lower court is reversed, with directions to dissolve the injunction and dismiss the appellee's petition.