## Cantrill v. Sebree's Admx.

(Decided January 17, 1912.)

### Appeal from Scott Circuit Court.

Pleading.—Where an itemized account is filed with the petition as a part of it an answer denying the total of the items is not good. The defendant must deny each individual item which it is desired to controvert.

H. CHURCH FORD and BRADLEY & BRADLEY for appellant.

B. M. LEE for appellee.

Opinion of the Court by Judge Winn—Reversing.

J. D. Sebree brought this action in the Scott Circuit Court against Mrs. Mary C. Cantrill. He died shortly thereafter and the case was revived in favor of his administratrix. The cause of action was upon three distinct claims: First, upon an account for extra work done by Sebree as a carpenter and builder over and above the contract price of work which he was doing for Mrs. Cantrill; second, upon a claim for services as agent for Mrs. Cantrill in renting out her houses, collecting her rents and the like; third, upon a balance claimed to have been found due upon a settlement of prior transactions between Sebree and Mrs. Cantrill. Issue was joined by the defendant, the case tried out before a jury, and a verdict awarded in favor of plaintiff in the sum of $796.53. From the judgment upon that verdict this appeal is prosecuted.

It is first urged that the trial court erred in instructing the jury to find for the plaintiff the sum of $202.65 in any event. In this we find no error. The plaintiff filed with his petition, as a part of it, an itemized account setting out in detail the extra items. In an amended answer the defendant denied certain specific items of this account, but did not deny a number of them, amounting to $307.15. Both sides admitted a payment by Mrs. Cantrill to Sebree of $104.50 more than the contract price. The court found the balance of $202.65 by deducting the overpayment of $104.50 from the sum of $307.15 of items not specifically denied. The defendant claims that her general denial of the account was sufficient as a denial of each and every item claimed by plaintiff; but such a denial is not sufficient where the items comprising the plaintiff's claim are set out in detail as a part of the petition. In such cases the defendant must deny every specific item of the account which it is desired to controvert. Whitaker v. Sandifer, 1 Duv., 262; Webb v. Jeffries, 2 Bush, 221; Palmer v. Johnson's Admr., 13 Ky. Law Rep., 590. Upon the return of the case Mrs. Cantrill's answer may be amended in this respect, if she so desires.

The second instruction told the jury that if they believed from the evidence that in May, 1905, Sebree and Mrs. Cantrill had a settlement of their accounts, finding a balance due to Sebree from Mrs. Cantrill, they should find for the plaintiff the amount which they

should find from the proof was due on said settlement, not to exceed the sum of $61.88, the amount claimed in the petition for said item. This was error. Mrs. Hines testified for the plaintiff that her husband, then deceased, had, in his lifetime, made up a settlement between Sebree and Mrs. Cantrill, finding a balance due to Sebree. She was unable to state the amount. The record discloses a statement by plaintiff's attorney that Sebree had brought him a paper, after the filing of the present action, purporting to be a settlement of all matters between Sebree and Mrs. Cantrill up to May, 1905, and that the paper showed a balance due Sebree of $61.88; that he left this paper with Sebree with instructions to go to Mrs. Hines and get her to identify it. Mrs. Hines, on direct examination, stated that Sebree showed her a paper, after her husband's death; but on cross-examination she stated that the paper to which she referred in her testimony had been given to her by Mrs. Cantrill to be given to Mr. Hines; that Mr. Hines only had the paper once, and that the witness saw it "only at that one time." There is nothing in the record to identify the paper which Mrs. Hines saw with the paper which the attorney saw. The only statement in the record of any balance shown by any paper was a statement by the attorney that a certain paper in his hands showed a balance of $61.88. The statement of the attorney purports to be, as disclosed by the record, only an avowal by counsel, and not the testimony of a witness, sworn in the usual course; and if our conclusion as to what the uncertain condition of the record does disclose in this respect be true, there was no evidence upon which to submit the amount of this settlement to the jury. But independent of this question, we are of the opinion that the paper was not sufficiently identified in the two different places in which we find it, as the same paper, and that it was, therefore, error to submit this branch of the case at all.

As the case must be retried, it is proper to say that if any testimony is offered to establish the balance of $61.88, set up in the amended petition, filed on January 19th, 1909, the deed from Mrs. Cantrill to Mrs. Sebree should be admitted as evidence upon the issue raised by the allegations of that amendment and the traverse thereof. But if it is so offered, the court will, by proper instruction, limit the jury's consideration of it to that issue.

Likewise, upon a retrial if the defendant introduces any evidence to sustain her theory that the collection of rents and the like by Sebree was a part of his general contract for the building work, the court should give an instruction in substance as follows: "The court instructs the jury that if they believe from the evidence that J. D. Sebree did collect rents, or did look after the repairs of defendant's buildings during the years 1906, 1907 and 1908, and that his so doing was a part of his contract and of the services to be rendered under his contract for building said buildings, they will find for the defendant upon the claim of plaintiff for compensation for such services."

For the reasons given the judgment is reversed for another trial consistent herewith.