## Hazard Lumber & Supply Company v. Demumbrum.

(Decided June 7, 1927.)

### Appeal from Estill Circuit Court.

1. Mechanics' Liens.—In a suit to enforce materialman's lien, an answer traversing the account generally, but not raising issue as to the correctness of any individual item in it, is bad.

2. Appeal and Error.—Where parties have treated pleading as raising certain issues and tried case on that theory, the same course will be followed in the appellate court.

3. Mechanics' Liens.—In suit to enforce materialman's lien, plaintiff can recover only the reasonable market value of material furnished, but not covered, by contract.

4. Appeal and Error.—In suit to enforce materialman's lien, trial court's findings of fact are entitled to considerable weight.

BEN H. SCOTT for appellant.

RIDDELL & SHUMATE for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

Defendant, Eugene Demumbrum, contracted with one Early to construct a residence on his lot in Ravenna, according to certain plans and specifications, for $5,050.

Under a contract with Early the plaintiff, Hazard Lumber & Supply Company, furnished material therefor aggregating over $3,000. Upon ceasing to do this it gave proper notice and within the time required by statute filed proper claim in the county clerk's office for a balance due it of $543.05, and later brought suit in equity in the Estill circuit court against Demumbrum to enforce its lien on the property. An itemized statement of materials furnished and credits was filed as an exhibit with the petition. The answer traversed the allegations of the petition generally. The case was referred to the master commissioner, who took proof and reported in favor of the entire amount of the claim. Numerous exceptions were filed to this report and upon final hearing the court adjudged a lien in favor of plaintiff in the sum of $355.53, with costs, and ordered the property sold. Plaintiff appeals from so much of the judgment as refused its entire claim and the defendant has filed a cross-appeal.

1. It is strongly insisted by the defendant that it was the duty of the plaintiff to prove delivery of each item in its account, and that, as it failed to do this and only made proof in a general way, it is not entitled to recover anything, and that judgment should have been entered for defendant on the entire claim. It appears, however, that defendant merely traversed the account generally and did not raise an issue in the answer as to the correctness of any individual item in the account and that in this respect the answer was bad (Webb v. Jeffries, 2 Bush, 221; Cantrill v. Segree, 146 Ky. 270, 142 S. W. 415; Palmer v. Mt. Sterling Nat. Bank, 18 S. W. 234, 13 Ky. Law Rep. 790; Newman's Pleading & Practice, section 411); hence defendant cannot rely on the technical failure to prove delivery of each item. However, the court and all the parties treated the pleading as raising certain issues, and, as the case was tried out on that theory, the same course will be followed in this court. In this respect the judgment seems to have been based on the idea that certain errors in calculations were made in the statement of account and that there was an overcharge in the price of some of the articles furnished. As to this, it appears in evidence that at the beginning of the negotiations plaintiff offered an estimate on certain materials and fixed the price thereon and that this was accepted by the contractor. Of course, as to the matters embraced within

the estimate, the contract price would control, but this estimate was not filed with the pleadings nor put in evidence. It does not appear whether the items in issue were included in it or consisted of material subsequently ordered. Plaintiff's witnesses stated that they would file this statement, but it was not done. By withholding it, the presumption is that it would not help plaintiff; hence we may conclude that these items were not embraced in it. If not, plaintiff would only be entitled to recover the reasonable market value of such items and this would be a subject of inquiry at the trial. As to a number of these items the evidence of the reasonable market value is conflicting and there is evidence tending to show that some of the articles charged were not used in the building; and, as the court was familiar with the parties, his finding of fact on this point is entitled to considerable weight and will not be disturbed.

Wherefore, perceiving no error, the judgment is affirmed on the original and cross appeal.