## Evans v. Bingham.

(Decided April 20, 1934.)

W. T. DAVIS for appellant.
LOW & BRYANT for appellee.

Opinion of the Court by Hobson, Commissioner—Affirming.

Shelton Evans and J. S. Bingham in the year 1919 owned a tract of land in Bell county having a large amount of timber on it. Evans owned a one-fifth interest and Bingham four-fifths. They made a contract with Frank Vanbever, who was running a sawmill nearby, to saw the timber for them, and also made contracts for the cutting and hauling of it. On May 8, 1920, Evans filed his petition in the Bell quarterly court alleging that Bingham had collected certain items amounting to $188.86 without accounting to him therefor, and praying judgment against Bingham for this amount. Bingham, on May 24, 1920, filed answer denying the allegations of the petition and alleging that Evans had hauled off the land and used timber that amounted to $300, which he pleaded as a counterclaim, and prayed judgment therefor. On June 14, 1920, he amended his answer, stating that he was unable to give an exact statement of the amount so converted by Evans, but that the amount was $1,560.61, and prayed judgment against Evans for $1,000. The amount in controversy being over $500, the case was transferred to the circuit court. In the circuit court an amended and substituted petition was filed by Evans increasing the amount of his claim to $770.98. Bingham filed an amended and substituted answer and counterclaim fixing the amount due him at $2,946.10. These pleadings were filed at the January term, 1931. Bingham alleging that the case involved a long-complicated account moved the court to refer it to a commissioner to report the account between them. Evans objected, and the motion was overruled. The case came on for trial before a jury on April 30, 1931. A stipulation was then filed by which it was agreed that Evans owned one-fifth undivided interest in all the timber and lumber mentioned in the evidence and that the defendant owned four-fifths undivided interest in the land and timber; that the timber taken from the land and manufactured into lumber was 256,997 feet; that certain poles were cut from the land, the purchase price was paid to Bingham, and that one-fifth of the price of the poles amounted to $49.92; that certain logs were sold from the land to Judge Apperson, and that the purchase price which was paid to Bingham for one-fifth of these logs was $118.94. A large mass of evidence was heard, and at the conclusion of the evidence the

court gave the jury these instructions, to which both plaintiff and defendant agreed: That there were 257,-000 feet of lumber sawed and manufactured from the land, owned by the plaintiff and defendant in the action, and the jury should find from the evidence the number of thousand feet of lumber taken or removed from the property by Evans and also the number of thousand feet of lumber taken or removed by Bingham or sold by him. No other instruction was asked. The jury returned a verdict finding that Evans got 51,400 feet of lumber from the premises and that Bingham got 205,600 feet of lumber from the premises. It was admitted in the pleadings and in the proof that Bingham had paid all the expenses of cutting, hauling, and sawing the timber and that this amounted to $18.50 a thousand feet, one-fifth of which, or $950.90 was due by Bingham, and that he was entitled to credit on this for admitted credits of $168.86, with interest. The court entered judgment against Evans on the counterclaim in favor of Bingham for $1,298.18, which was the balance due by Evans on the $950.90, with interest, less the omitted credit of $168.86, with interest. The court refused a new trial, and Evans appeals.

The chief ground relied on for reversal is that the court erred in the admission of evidence on the trial. Evans testified as to the amount of lumber he received and also introduced Vanbever to show how much he had received. Bingham then testified as to how much of the lumber he had received, and there was no objection or exception to the testimony. Then this question was asked, "Where did you get the figures that you made up that amounted from" (that is, the amount of timber he admitted receiving)? The plaintiff objected. The objection was overruled and the plaintiff excepted. He answered, "I got it from Frank Vanbever when I put it down on this book." There was no motion to exclude the testimony and no motion that the books, which he had testified he and Vanbever used, should be produced. This is the only material objection or exception which we find in the record, and clearly was insufficient to raise the question that the testimony of this witness as to the quantity of lumber that he had received should have been excluded; for he had stated all these matters on previous questions without objection or exception, and the defendant cannot complain in this court of evidence which was admitted below without exception or

·objection. Not only so, it was shown by the undisputed evidence in the case that a part of Vanbever's books were lost, and, a part of the books being lost, a statement of the account could only be made up below by testimony. It was shown in the evidence, undisputed, that Bingham had Vanbever measure and set down on the book all the timber that he got and that he requested and demanded that Evans should do the same thing, but that Evans refused to allow Vanbever to measure the timber he got or keep any account of it. The parties were partners in this contract, and Evans should have measured or had measured the timber he got. The case must be tried here as it was tried in the circuit court. Objections which were not presented in that court cannot be considered here. In the notes to section 756 of the Civil Code of Practice, citing many cases, the rule is thus stated:

> "To authorize a reversal the error complained of must affect the substantial rights of the appellant, and that it does so affect them must as clearly appear as the error itself."

On the whole case the verdict of the jury is not against the evidence. The rule is well settled that in a case like this the verdict of the jury will not be disturbed unless palpably against the evidence. Bingham testified that he only got 134,981 feet of the lumber, but the jury's finding was that he got 205,600.

Judgment affirmed.