## Young et al. v. Barnett.

(Decided March 12, 1935.)

E. C. HYDEN for appellants.

O. H. POLLARD and R. L. POLLARD for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This action was commenced in equity to recover the consideration of $2,500, recited in a deed of John W. and Lizzie Young to Taylor Barnett. The prayer to the petition concludes "for all proper, legal and equitable relief." Barnett traversed the petition and pleaded the statute of limitation of five years as a bar to the recovery of the $2,500. The concluding language of the prayer to the answer is "for his costs herein and all proper relief." In taking the testimony, the parties directed it to numerous transactions, including the amount of money and the value of labor and material involved in each. With the pleadings in this condition, on the evidence, the cause was submitted for trial. The trial court endeavored to, and did, by its judgment, adjudicate and settle the transactions between them as disclosed by the evidence, which resulted in a decree declaring Barnett the owner of the property described in the petition and a personal judgment against him for $233 and costs, with directions to the commissioner to sell the land to satisfy the same. The Youngs have appealed and Barnett has been granted a cross-appeal.

It is the contention of the Youngs that the court erred in allowing credits of $300.14, $955, $200, $500, $362, and $200 to Barnett, and in failing to sustain the plea of limitation as to the $500 credit. They argue that the amended answer of Barnett is inconsistent with the allegations of the original, and as amended it does not authorize the judgment.

Barnett complains because the court disregarded his plea of limitation of five years as to the whole of the $2,500.

The evidence discloses that Barnett is the son of Lizzie Young and the stepson of John W. Young. The father of Barnett at his death left an estate which descended to his children subject to the marital rights of their mother. The nature and amount thereof is not clearly shown. Barnett and his mother, with a portion of the proceeds of the estate of the father of Barnett, acquired title to two parcels of land at the price of $2,000. Later John W. Young desired to engage in operating a pool room and, seemingly, to finance him, Barnett conveyed to him his interest in the lots. The evidence discloses that Young delivered to Barnett a note of Mrs. Young payable to her husband for $955, as the consideration for his half interest in the lots. Barnett, however, asserts there was no consideration for his deed to Young and emphatically denies the $955 note was delivered to him as a consideration for his interest in the lots, or at all. Young testifies the opposite. After Barnett deeded one-half interest in the lots to Young, Young and wife executed and delivered their note for $1,112 payable to the Hargis Bank, secured by a mortgage on the lots, which enabled Young to embark in the operation of a pool room. His venture seems to have failed. He and Mrs. Young separated. And while the separation was existing, on the 26th day of January, 1922, the Youngs executed and delivered to Barnett a deed conveying him the lots for the recited consideration of $2,500. Barnett accepted it and caused it to be recorded. At that time Barnett was unmarried and making his home with his mother, on the lots. Later he married, when he and his wife, and Young and his wife, occupied the home situated on the lots, living together amicably until a short while before the institution of this action, when Barnett gave notice to the Youngs, demanding possession of the portion of the residence occupied by them. Previous to the giving of

the notice, and while they were jointly occupying the lots, repairs and improvements were made to the residence and premises by Barnett and the Youngs. A dispute is engaged in by them as to the portion of the costs thereof, they respectively paid; also, as to the portion of the $1,112 note, paid by Mrs. Young and Barnett. Before any controversy arose between them, an uncle of Barnett, the brother of Mrs. Young, was arrested in the state of Arkansas, charged with a serious offense. To finance his defense, another mortgage was executed on the lots by Barnett and the Youngs to the Hargis Bank for $1,080; $500 of which was the balance of the $1,112 note and interest and $500 for an attorney's fee paid in the defense of the uncle, and the remainder was for interest on the $1,080 note.

It is apparent from the evidence that Barnett and the Youngs did not deal with each other as strangers, but as members of one family. They kept no books or accounts, showing any of their transactions from in 1922 to the filing of this action. Mrs. Young made payments on the mortgage notes and Barnett made payments thereon. John Young made repairs on the residence and Barnett made others. No accounts were kept of the amounts respectively paid therefor, by either party. The Youngs apparently neither demanded payment of, nor expected to be paid, the $2,500, the recited cash consideration for the lots. Barnett admitted he had paid no part thereof.

The parties prepared the case for trial as though the pleadings raised issues as to the items of debits and credits which the court determined in its judgment. Under the prayer of their respective pleadings, they were entitled to recover, the one of the other, whatever items were shown by the evidence to be owing by either of them. Harbison-Walker Ref. Co. v. McFarland's Adm'r, 156 Ky. 44, 160 S. W. 798. It is only where defense is not made and the prayer is for all proper relief that a judgment is not authorized against the defendant for amounts a plaintiff claims to be entitled to. Walker v. Thomas, 88 Ky. 486, 11 S. W. 434, 11 Ky. Law Rep. 463; Hansford v. Holdam, 14 Bush, 210.

It is an accepted rule that where a case has been tried as though the pleadings of the parties raised the issue sustained by the evidence, we will so consider it. Hazard Lumber & Supply Co. v. Demunbrum, 220 Ky.

422, 295 S. W. 414; Evans v. Bingham, 253 Ky. 799, 70 S. W. (2d) 927. And we will not be alert to turn a case on a point or an issue not presented by the pleadings when proven, after it has been considered and determined by the trial court as though issue thereon was joined by appropriate pleadings. Rosa v. Nava, 235 Ky. 574, 31 S. W. (2d) 910. We will treat all issues as joined, sustained by the evidence of the parties, and determined by the court, as though the issues were properly joined in respect thereto. Williams v. Denny, 238 Ky. 662, 38 S. W. (2d) 668.

Adhering to these principles and agreeing with the trial court's finding of facts, which we have reviewed for ourselves, we concur in the judgment entered. The trial court treated the claims of the parties as arising out of, and on, running accounts, and therefore neither party was entitled to rely on the statute of limitation, in which we concur.

Wherefore, the judgment is affirmed on the original and cross appeal.