# Jenkins, Etc. v. Louisville & Nashville R. R. Co.

MOTION IN COURT OF APPEALS.

COSTS—STENOGRAPHER'S FEES.  The fees of an official stenographer taxed under sec. 4642 of the Kentucky Statutes, are taxable as costs in the trial court and not in this court.

LYTTLETON COOKE AND EDWARD W. HINES FOR APPELLEE IN SUPPORT OF THE MOTION TO RETAX COSTS.

The fees of the stenographer are properly taxable as part of the costs in the lower court and not in this court. Ky. Stats. sec. 4637, 4642, 4643, 4644.

W. B. DIXON FOR THE APPELLANT, AGAINST THE MOTION.

The stenographic record constitutes a part of the record in this court and the fees for same are properly taxable here under section 891 of Ky. Stats.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The question raised on this motion for a retaxation of costs is whether the fees of the official stenographer for making a transcript of the testimony heard on the trial
[47]

below are to be taxed in this court as part of the costs of the appeal, or are to be taxed in the lower court as part of the costs in that court. If here, then appellant, when he secures a reversal, is entitled to recover such fees as part of his costs on the appeal; whereas, if they are to be taxed as general costs in the suit in the lower court, their ultimate payment will depend on the final result of the suit. After providing for the appointment of such stenographer (section 4637, Kentucky Statutes), and for his taking the testimony at the request of either party (section 4639), the statute provides (section 4642) as follows: "The fees of said reporter, when serving in civil cases in any of said courts or divisions, shall be fixed by the presiding judge thereof, not however, to exceed five dollars per day for taking stenographic reports, and fifteen cents per hundred words for the transcript thereof, which shall be paid forthwith by the party or parties in whose behalf such report or transcript is ordered, and *shall be taxed as a part of the costs of the suit or proceeding; provided, however*, that said reporter shall not be required to file any of said transcript without payment therefor by the party or parties in whose behalf the same is ordered: Provided, however, further, that the presiding judge of said court or division may direct said reporter to file a transcript upon the motion of any party suing in *forma pauperis*." It would seem clear that the fees for taking the stenographic notes, as well as for transcribing them into longhand, are to be fixed by the presiding judge within the limitations prescribed by the statute; and they are to be paid by the party in whose behalf the service was ordered, and then they are to be taxed as part of the costs of the suit or proceeding in the trial court.

Further, section 4643 provides: "The testimony of any

witness or witnesses taken by the reporter in any court or division as aforesaid shall constitute a part of the record of the case, and may in the discretion of the presiding judge, be used in any subsequent trial of the same case between the same parties, where the testimony of such witness or witnesses can not be procured," etc. And the succeeding section provides that "any of said transcripts of testimony made by such reporter as aforesaid, when attested by the judge before whom the trial was had, may be taken, without being copied, to the court of appeals, to be used upon an appeal, and thereafter returned to the court in which it was made." All of which, we think, goes to show that the stenographic notes and the transcript thereof are parts of the make-up of the record in the lower court, as, indeed, the statute says. The report may be used in future trials either before or after an appeal; and this fact alone makes it proper that the fees for making it should constitute a part of the costs of the suit or proceeding in the trial court.

The suit of A against B coming on for trial, the services of a stenographic reporter are requested by A, and the court directs the notes taken. A, having procured the services, pays the fees fixed by the judge. It is as much a part of his costs as is the costs of the clerk in filing the petition and issuing the summons. A. wins, however, and does not need a transcript of the notes; but B. does, and on his motion, the judge orders the transcript of the notes, as is provided by section 4639. For this B. pays, the amount being fixed by the judge; and this sum constitutes a part of his costs in the trial court, and these fees, the statute says, "shall be taxed as a part of the costs of the suit or proceeding." It is quite plausible to say that, as the transcript of the notes is needed and ordered only for the pur-

pose of the appeal, the fees therefor should be regarded as a part of the costs of the appeal. But we think the statute directs otherwise, and perhaps does so because it contemplates the future use of the transcript as evidence, under the circumstances named in the statute. The clerk will therefore tax the costs in these cases in accordance with this opinion.