## Champion v. Ferguson.

(Decided October 23, 1931.)

(As Modified on Denial of Rehearing December 18, 1931.)

L. B. ALEXANDER for appellant.

CHARLES FERGUSON for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

The facts of this case are stated in the former opinion. See Champion v. Ferguson, 237 Ky. 115, 34 S. W. (2d) 957, 958. On that appeal the circuit court had given

the jury a peremptory instruction to find for the plaintiff. Reversing the judgment, this court said:

"The court directed a verdict in favor of the wrong party. Mrs. Champion was entitled to such a verdict, and not Ferguson, and upon the next trial, if the pleadings and evidence are substantially the same the court will so instruct the jury, but if these things are then substantially different the court will give such instructions as may be required by the circumstances then. There is now no need to pass on the other questions, and we reserve them."

On the return of the case to the circuit court, the evidence was heard again, and at the conclusion of the evidence the court submitted the case to the jury under instructions telling the jury in substance that they should find for the plaintiff, unless they believed from the evidence that the plaintiff and defendant settled the contract sued on in December, 1921. The jury again found for the plaintiff. The defendant appeals.

On the second trial Ferguson denied what Mrs. Champion testified he had said indicating that he proposed to take no further part in the mater, and, on the contrary, he testified that at the time of his conversation he was preparing a suit to file for her, and told her so. Mrs. Champion's evidence is practically the same on this trial as on that, but Ferguson's evidence is a little fuller than it was then, and brings out more clearly what he said to her at the time referred to.

As the evidence on this trial was not the same as on the other trial, the court did not err in refusing to instruct the jury peremptorily to find for the defendant. There was sufficient evidence on this trial to take the case to the jury. The court by instruction No. 1 told the jury that Mrs. Champion recovered a judgment against her husband's estate for $10,507.90. The written contract was for a fee equal to 10 per cent. of the amount of the claims adjudged to her. Under the contract, the 10 per cent. should be counted on the amount of the claims adjudged to her, and not on the amount of the judgment which she collected; for the judgment apparently includes interest on the claims up to the date of the judgment. She alleged in her answer that the claims only amounted to $8,000. The evidence does not definitely show how much the claims did amount to. Ferguson

is in no event entitled to compound interest against Mrs. Champion; and to include the interest in the amount of the claims and then give him 10 per cent. of the total with interest is to give him interest on interest.

Upon a careful consideration of the record, the court concludes that the verdict is paplably against the evidence. It is conceded in the evidence that the total of the sale of the property was $6,270. It is conceded in the evidence that Mrs. Champion showed Ferguson the check she had for $4,822.64. Ferguson admitted in his testimony that he gave Mrs. Champion, on December 12, 1921, a statement showing these facts, and that the $4,822.64 was the amount coming to her after payment of costs and attorneys' fees. As Ferguson knew the amount of the judgment and approximtely the amount in the commissioner's hands, the commissioner's fee, the amount of the cost, and his fee, as allowed by the court, the slightest thought on his part would have enabled him to know that the commissioner had only reserved for him 10 per cent. of the amount in his hands coming to Mrs. Champion after the payment of the costs. The fact is agreed that from the time Mrs. Champion came to see him with that check and he gave her this statement he took no further action in her case. He sent her no bill; he made no demand against her in any way until in the suit brought by other attorneys in the county where he resided she collected other money. The amount paid him that day was 10 per cent. of the amount she had then collected. When he brought this suit, he claimed 10 per cent. of the amount she had afterwards collected. The court cannot escape the conclusion from his conduct that, knowing the facts or having such knowledge of the facts as would charge him with knowledge of the truth, he acquiesced in Mrs. Champion's conduct, regarding him as no longer in her employment and that they had settled their contract as Mrs. Champion claims in her testimony.

The court held the affidavit for attachment insfficient, because it omitted the words ''by delay'' before the words ''in obtaining judgment or a return of no property found.'' The plaintiff filed an amended petition stating the omission of these words was by mistake, and then repeated his ground of attachment in the same words as before, omitting the words ''by delay'' again. The amended affidavit was not sufficient, but on the re-

.turn of the case the plaintiff will be allowed to file a proper affidavit.

Mrs. Champion paid $30 for the transcript of evidence on the former appeal, and she moved the circuit court on the return of the case to enter judgment in her behalf for this $30. The motion was properly overruled. The cost of the transcript under the statute is taxed as costs in the action, and stands as any other cost in the circuit court paid by either of the parties to the action. Jenkins v. L. & N. Railroad Co., 105 Ky. 737, 49 S. W. 537, 20 Ky. Law Rep. 1534.

Dunn was served as garnishee. He then had the money in his hands. Afterwards, as garnishee, he paid the money into court, and it was held by the clerk subject to the order of the court. These are the facts as we understand from the record. There was therefore no error in holding that the money in the hands of the clerk was subject to attachment. If these are not the facts, the truth may be shown on the return of the case.

All other questions are reserved.

Judgment reversed, and cause remanded for further proceedings consistent herewith.