## Dunn et al. v. Champion.
## Peck et al. v. Same.

(Decided Dec. 18, 1936.)

CHARLES FERGUSON for appellants.

L. B. ALEXANDER and MARSHALL P. ELDRED for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part and reversing in part.

The settlement of the estate of W. S. Champion, who died in 1918, has been prolific of much litigation. Different phases have heretofore reached us in seven appeals. Tolly v. Champion, 191 Ky. 114, 229 S. W. 90; Champion v. Bennett, 203 Ky. 393, 262 S. W. 602; Bennett v. Champion, 211 Ky. 6, 276 S. W. 833; Champion v. Dunn, 229 Ky. 148, 16 S. W. (2d) 791; Champion v. Dunn, 233 Ky. 366, 25 S. W. (2d) 1023; Champion v. Ferguson, 237 Ky. 115, 34 S. W. (2d) 957; Champion v. Ferguson, 241 Ky. 303, 43 S. W. (2d) 719.

The claims of the several parties were adjudged in one judgment rendered September 14, 1935, two cases having been consolidated. Burse B. Dunn, M. C. Peck, George Levan, Charles Ferguson, and T. C. Bennett have prosecuted an appeal against Mrs. Sarah E. Champion. She has cross-appealed. That is the first-styled appeal. Since the judgment against Peck and Levan was under $500, hence below the sum within the authority of the circuit court to grant an appeal, they have later prayed an appeal in this court which has been granted. That is the second-styled case. In order to avoid confusion, all parties will be referred to by name.

1. Mrs. Champion, the executrix and widow, contracted with Hon. Charles Ferguson to pay him, in addition to certain other compensation, a fee equal to 10 per cent. of the amount which she might be adjudged on claims asserted against her late husband's estate. She ultimately received $10,507.90. The assets of the estate

yielded $5,358.85, and Mr. Ferguson was paid 10 per cent. of that sum by the master commissioner. In a suit filed by other attorneys, Mrs. Champion recovered judgment on a supersedeas bond, and B. B. Dunn, the sheriff of Livingston county, collected $5,149.05 on execution. Out of this, on December 15, 1925, he paid Mr. Ferguson $514.94, and C. T. Bennett $124.00 on a claim allowed against Mrs. Champion by the court for rent of property after its sale. The balance, after deducting $638.94, was paid Mrs. Champion. We held that the sheriff had no authority to pay the claims. Thereupon Mr. Ferguson sued Mrs. Champion for the balance of his fee and on May 2, 1929, attached the funds in the hands of the sheriff, which had been repaid to him by Ferguson and Bennett. The attachment was for $514.94, with 6 per cent. interest from December 13, 1921, amounting on that day to $743.05, and $30 costs, hence in excess of the amount which the sheriff had withheld, but not equal to his liability to Mrs. Champion. A judgment was rendered against the sheriff for the amount he had illegally withheld from Mrs. Champion ($638.94), together with 15 per cent. per annum interest thereon, the penalty prescribed by section 1715, Kentucky Statutes. It is recited in that judgment that Ferguson had caused an attachment of the money in the hands of the sheriff, and he was directed to pay $790.15 on the judgment to the clerk. Mr. Ferguson recovered judgment in his suit, but it was reversed, with an expression of opinion that a peremptory instruction should have been given against him. Upon a second trial, he again recovered judgment, but it was reversed because the verdict was flagrantly against the evidence.

By agreement, the case was then consolidated with one which had been lately filed by Mrs. Champion against Peck and others, sureties on the sheriff's bond (to be presently noted), a jury was waived, and the case referred to a special commissioner to be tried upon the evidence of the two former trials and such parts of the record made throughout the entire litigation as might be designated by schedule. After the commissioner made his report against Ferguson and the sureties, Ferguson filed an amended petition making his allegations more specific and definite, and Mrs. Champion filed an amended answer. In it she stated that the money which had been in the clerk's hands had been paid over to Mr. Ferguson. That was controverted. The court, upon

exceptions to the commissioner's report and a consideration of the record, recited in his opinion, as had the commissioner in his report, that the money had been paid to Mr. Ferguson under order of court, and, after adjudging him not to be entitled to recover on his petition the balance of the fee claimed, the judgment went further and awarded judgment against him in favor of Mrs. Champion for $705.66, the amount stated to have been received by him with interest thereon. Ferguson appeals.

Recognizing the law of the case as previously declared, the court properly adjudged Mr. Ferguson not entitled to a recovery, for the record was exactly the same as that upon which the previous judgment had been rendered and reversed. In that respect the judgment is correct. There is brought to us as a supplemental transcript a copy of the judgment rendered in favor of Mr. Ferguson on the second trial of his case, which directs the clerk to pay him the money in her hands under attachment, less the costs of the action. It bears the receipt of Mr. Ferguson for $670.41. The difference between that sum and $705.66 paid by Dunn, the sheriff, doubtless was court costs. It is doubtful if this was part of the record before the commissioner and the trial court under the stipulation of the parties, for it was made after the record stipulated to be considered was made. It is said in Mr. Ferguson's brief that had this matter been presented below it would have been shown that the matter was adjusted after a reversal of the judgment. Regardless of this, the matter of payment to him was put in issue, and there was no proof unless his receipt be deemed prima facie evidence. It is certain that no counterclaim throughout the entire record was ever asserted against the plaintiff and no recovery of him prayed. Nor was any motion made for a rule to refund. A court cannot voluntarily grant or thrust upon a litigant something he does not ask for. Holt's Adm'r v. Johnson, 247 Ky. 180, 56 S. W. (2d) 962. The court, therefore, erred in rendering the judgment against Mr. Ferguson, upon which execution could issue, as it was not supported by the pleadings. On the return of the case upon motion and a proper showing, the court may rule Mr. Ferguson to repay the sum to the clerk with interest from the date of the filing of the mandate reversing his first judgment.

2. When this court held that Sheriff Dunn had no

authority to pay the Ferguson and Bennett claims out of money collected on the executions, as we have said, the trial court rendered judgment against him for the amount, $638.94, with 15 per cent. per annum interest (section 1715, Kentucky Statutes), from December 15, 1925, the date he should have paid it to Mrs. Champion. Although that judgment directs the payment of $790.15 of the sum to the clerk to be held under Mr. Ferguson's attachment, only $705.66 was paid. That was on September 26, 1929. Execution on the judgment was returned nulla bona December 2, 1929.

In May, 1930, Mrs. Champion instituted this suit against Dunn and the sureties on his official bond for $638.94, with 15 per cent. per annum interest from December 15, 1925, and $69.45 costs, with 6 per cent. interest, subject to a credit of $705.66 as of September 26, 1929. The allegations of the petition were traversed and the claims of Ferguson and the fact of his garnishment were alleged as a set-off and counterclaim. Bennett intervened and set up his claim as having been legally paid by the sheriff out of funds in his hands, and asserted it as a counterclaim, but judgment went against him. Later the judgment against the sheriff rendered on motion in the original case on September 10, 1929, was pleaded in bar. After the issues were completed, the case, as we have stated, was consolidated with that of Ferguson v. Champion, and by agreement was referred to a special commissioner for trial as in equity.

Passing the commissioner's report and the exceptions thereto, we look to the judgment. It recites that the former judgment against Dunn amounted to $963.41 when Ferguson's garnishee was served on May 2, 1929. Credit for the amount paid to the clerk under that attachment, $705.66, was allowed. That is stated to have been paid December 4, 1929, but the record elsewhere shows it to have been paid September 26, 1929. Judgment for the difference, $257.75, with 15 per cent. per annum interest from May 2, 1929, was rendered against the sureties. No further judgment was given against Dunn.

We cannot accede to the proposition that the original judgment against the sheriff barred a recovery of the sureties on his official bond. That judgment was obtained summarily on motion, and his sureties were not parties. This suit is on his bond and rests on the

failure of the principal to pay money for which he was officially liable.

It is to be observed that $773.05 had been attached. There was never any garnishment on the Bennett claim which Dunn paid without warrant of law, but Ferguson's garnishment was large enough to cover it. The court undertook to relieve the sheriff from liability to pay when and to the extent he was stopped by the processes of the court from paying, and not otherwise. But he seems to have regarded the attachment as being only the principal sum of $514.94 and $30 costs. While the amount withheld originally was $638.94, being Ferguson's principal sum, and Bennett's claim of $124, nevertheless Ferguson's attachment was for $773.05. We are of opinion the judgment against his sureties should have been for $638.94, with the penalty of 15 per cent. interest from December 15, 1925, to May 2, 1929, the date of the attachment. On that day, applying the 15 per cent. penalty, Dunn was liable to Mrs. Champion in the sum of $963.41. Since only $773.05 was attached, the difference was not tied up and it should bear 15 per cent. after May 2, 1929. Credit should be given for $705.66 as of May 2, 1929.

3. On her cross-appeal, Mrs. Champion claims the court should have credited the $705.66 as of the date Dunn paid the same into court, instead of the date it was attached, May 2, 1929. According to the cross-appellant's calculations, the judgment would then have called for $313.48, with 15 per cent. interest from December 4th, instead of $257.75, with interest from May 2, 1929. It was not the payment into court that prevented Dunn from paying over the money to Mrs. Champion, but it was the attachment. It would be inequitable to apply the statutory penalty for failing to do that which the orders of the court prevented him from doing.

4. After the commissioner had filed his report, which was adverse to Mr. Ferguson and the sureties on the sheriff's bond, they moved to be permitted to withdraw the agreement consolidating the cases and waiving a jury trial. The motion being overruled, Ferguson amended his petition and Mrs. Champion also filed amended pleadings. When that was done, efforts to strike them from the record in whole and in part proved unavailing, and the motion to withdraw the agreement

was renewed and again overruled. The argument is made that as the agreement was voluntary the right to withdraw from it existed up until there was a final adjudication as where it has been agreed to submit a case to arbitration. Cf. Jones v. Jones, 229 Ky. 71, 16 S. W. (2d) 503. This agreement had become an order of the court, and we are of opinion that whether it should have been vacated or not was a matter resting in the discretion of the trial judge. We see no abuse of that discretion in overruling the motions.

5. Although the judgment in the Ferguson branch of the case denied him any recovery, it sustained the grounds of his attachment. Of this the cross-appellants complain. The basis is that the plaintiff did not prove he had a just claim. There is a distinction between the provisions of section 196 of the Civil Code of Practice, which authorizes the clerk to issue an attachment upon presentation of certain allegations, including the statement that the plaintiff's claim is just, and the provisions of section 194 of the Civil Code of Practice, giving the plaintiff the right to an attachment upon the stipulated grounds. Omitting to allege, or failing to prove, that a claim is just requires a dissolution or discharge of the attachment. Lewis v. Browning, 223 Ky. 771, 4 S. W. (2d) 734. But it cannot affect the grounds. In this case there was no traverse of the grounds presented for the attachment, and the court properly sustained them. He made no ruling on the attachment itself.

6. Mrs. Champion's motion to tax as costs the sum of $55.80, which she had paid for the stenographic transcript of evidence heard on the two former trials of Mr. Ferguson's case, was overruled. The propriety of the order is questioned. A similar motion had been made after the first judgment was reversed on Mrs. Champion's appeal. We held on the second appeal that it was properly overruled. Champion v. Ferguson, 241 Ky. 303, 43 S. W. (2d) 719. The costs of a transcript of evidence made pursuant to section 4639 of the Statutes is taxable by the clerk of the trial court and not by the clerk of the Court of Appeals, for it is to be regarded as a part of the general costs in the lower court. Jenkins v. Louisville & N. R. Co., 105 Ky. 737, 49 S. W. 537, 20 Ky. Law Rep. 1534. But the litigation had not come to an end when the motion was made the last time as it had not after the first reversal. It will be proper

764

for these costs to be taxed to the unsuccessful party when the case shall have been finally concluded.

Inasmuch as the judgment appealed was not rendered against Burse B. Dunn in any part, he had no right to an appeal. His appeal is therefore dismissed.

As the claim of T. C. Bennett against Mrs. Champion, which was denied, was for less than $200, the jurisdictional sum, he has no right of appeal. His appeal is therefore dismissed.

On the appeal of Charles Ferguson, so much of the judgment as denied him a recovery against Mrs. Champion is affirmed. To the extent that judgment was rendered against him it is reversed.

On the appeals of M. C. Peck and George Levan, the judgment is reversed, with directions to enter judgment against them in accordance with the opinion.

On the cross-appeal of Mrs. Sarah E. Champion the judgment is affirmed.

In the taxation of costs on the appeal, we may regard it as being primarily between Ferguson and Mrs. Champion, and as between the other appellants and Mrs. Champion. Dividing the costs accordingly, Ferguson will be charged with one-fourth; Dunn with one-eighth; Bennett with one-eighth; and Mrs. Champion with one-half.

Whole court sitting.