## Champion v. Le Van et al.

(Decided Oct. 12, 1937.)

L. B. ALEXANDER for appellant.

CHARLES FERGUSON for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing in part and affirming in part.

This is one of a series of appeals growing out of the settlement of the estate of W. S. Champion, who died in 1918. A list of the appeals to this court will be found in the opinion delivered December 18, 1936, in Dunn v. Champion, 266 Ky. 757, 99 S. W. (2d) 813, 815. Upon the return of the case to the Livingston circuit court, the parties made a settlement according to the opinion in Dunn v. Champion, supra, of all matters in dispute except two items which Mrs. Sarah E. Champion claimed were due her. One was an interest item amounting to $254.03, and one a cost item amounting to $69.45. These

140

two questions were submitted to the court under the following stipulation:

"It is stipulated and agreed by and between the parties hereto that all of the matters involved in this litigation are settled, except as follows, to wit:

"In the action of Sarah E. Champion against M. C. Peck, and Geo. LeVan, as sureties on the bond of Burse B. Dunn, there is Sixty-nine Dollars and Forty-five cents ($69.45) sued for as costs expended in the case of Sarah E. Champion v. Burse B. Dunn, M. C. Peck, and Geo. LeVan, deny that they are liable for this sum and amount.

"In the last opinion in this case, the Court of Appeals said Charles Ferguson would be chargeable with interest from the date of the filing of the first Mandate in the case of Charles Ferguson v. Sarah E. Champion. This date is shown to be April 13, 1931, a period of six (6) years. The interest on Seven Hundred Five Dollars and Sixty-six Cents ($705.66) for six (6) years is Two Hundred Fifty-four Dollars and Three Cents ($254.03). It is the contention of Mrs. Sarah·E. Champion that she is entitled to this interest, while George LeVan and M. C. Peck claim that they are entitled to have same credited upon the amount found due from them, on account of their being surety on the bond of Burse B. Dunn. These two (2) questions are submitted to the Court for adjudication."

The court adjudged that Mrs. Champion was entitled to the cost item, but denied her claim for interest, and she has prayed an appeal in this court, and the defendants, M. C. Peck and George Le Van, have cross-appealed on the cost item.

The history of the litigation leading up to the present controversy will be found in the opinion in Dunn v. Champion, supra. Appellees claim that Mrs. Champion has been paid the amount which the opinion on the last appeal stated was due her. A brief statement of the facts will demonstrate that this claim is not well-founded.

B. B. Dunn, sheriff of Livingston county, collected $5,149.05 on an execution issued on a judgment recovered by Mrs. Champion in an action on a supersedeas bond. He paid all of this to Mrs. Champion except

$514.94, which he paid to Mr. Charles Ferguson, who claimed that that amount was due him from Mrs. Champion as attorney's fees, and $124, which he paid to C. T. Bennett, who claimed that Mrs. Champion was indebted to him in that amount. This court held that the sheriff had no authority to pay these claims. Thereupon, Mr. Ferguson returned to the sheriff the amount which had been paid to him, and immediately sued Mrs. Champion for $514.94, with interest from December 13, 1921, and on May 2, 1929, attached the funds in the hands of the sheriff. In an action by Mrs. Champion against the sheriff and the sureties on his bond, M. C. Peck and George Le Van, a judgment was rendered in her favor in the amount which the sheriff had illegally withheld from her, $638.94, with interest thereon at the rate of 15 per cent. per annum, the penalty prescribed by section 1715, Kentucky Statutes. In Dunn v. Champion, supra, it was held that the sheriff and his sureties were liable for $638.94, with penalty interest thereon from December 15, 1925, to May 2, 1929, the date of the attachment, on which day the sheriff was liable to Mrs. Champion in the sum of $963.41. On May 2, 1929, $773.05 of the amount in the sheriff's hands was attached and from that date he and his sureties were liable for interest at the rate of 15 per cent. on the remainder of the fund in his hands, $190.36.

Referring to Mr. Ferguson's claim, the opinion said:

"On the return of the case upon motion and a proper showing, the court may rule Mr. Ferguson to repay the sum to the clerk with interest from the date of the filing of the mandate reversing his first judgment."

This made him liable to Mrs. Champion for $705.66, with interest thereon from April 13, 1931, the date of the filing of the mandate reversing his first judgment. On the return of the case, he paid the principal amount to Mrs. Champion's attorneys, but the interest, which amounted to $254.03, he paid to George Le Van and M. C. Peck, sureties on the sheriff's bond, to be credited upon the amount due from them to Mrs. Champion. Mrs. Champion was entitled to the amount which the sheriff had illegally withheld, with interest thereon at the rate of 15 per cent. until May 2, 1929, and interest at the same rate thereafter on the sum then due, less $773.05, the amount attached in the hands of the sheriff;

$703.66 of the attached fund was paid to Mr. Ferguson under an order of court, and Mrs. Champion was entitled to interest on this sum while it was held by Mr. Ferguson in addition to the penalty interest she had been adjudged against the sheriff and his deputies. They were not adjudged to pay interest on the attached fund, and therefore are not entitled to have the interest due from Mr. Ferguson credited upon the amount due from them to Mrs. Champion. It follows that the circuit court erred in disallowing Mrs. Champion's claim to the item of interest.

Appellees claim that the court erred in allowing Mrs. Champion the item of cost amounting to $69.45. They insist that on the former appeal the court allowed her a cost item for transcript in the sum of $55.80, and that this was paid. It appears, however, that the item of $69.45 is wholly separate from the item of $55.80, referred to in the opinion on the former appeal, and, since it was for costs incurred by Mrs. Champion in a proceeding in which she was the successful party, the court did not err in adjudging her that sum.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed, with directions to enter a judgment in conformity herewith. On the cross-appeal the judgment is affirmed.