## Jacobs et al. v. Wells et al.

(Decided Dec. 14, 1937.)

[black bars]

W. R. McCOY for appellants.

J. B. CLARK for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

On August 6, 1906, H. E. Jacobs and others brought suit against Marion Wells and others, claiming ownership and possession of a 50-acre tract of land, including the standing timber, through adverse possession and record title. They prayed an injunction and a quieting of title. The defendants answered denying the allegations of the petition and alleging ownership and possession in themselves. They prayed "that the injunction herein be dissolved and that the plaintiffs' petition be dismissed, and for judgment against plaintiffs, for their cost and for all proper relief." A reply completed the issues. Evidence was taken and a judgment rendered 25 years later, on August 13, 1931. It dismissed the petition and proceeded to quiet the title and possession of the defendants. An appeal was granted and then was added to the order, "This case having served its purpose is stricken from the docket."

On October 26, 1933, a judgment was entered reciting:

"It appearing that by oversight or mistake the original judgment entered in this action did not dispose of, decide, or assess the value of the timber in the evidence, or damage done to the timber as complained of in the answer and counterclaim of the defendants, the Wells, and on motion of counsel for the defendants, the Wells, it is ordered and adjudged by the court by way of supplemental judgment that the defendants, the Wells, as named in the original judgment herein, recover of the plaintiffs herein the sum of One Thousand Dollars ($1,000.00) as the value of said timber, and the cost of this action for which they may have execution. To which the plaintiffs object and except."

The record purports to be complete, but there is no such motion as is referred to in this order, nor any other proceeding whatsoever between the judgment of August 13, 1931, and that of October 26, 1933.

On October 4, 1935, the plaintiffs prayed an appeal in this court from both judgments. It is readily appar-

ent that no appeal from the judgment of August 13, 1931, is permissible because of the bar of limitations of two years placed upon appeals. Section 745, Civil Code of Practice. The judgment of October 26, 1933, is not supported by any pleading, and therefore not authorized. The answer of the defendants was not and did not purport to be a counterclaim against the plaintiffs for damages. The defendants only asked that the petition be dismissed. The court may not voluntarily grant or thrust upon a party a judgment he does not seek. Dunn v. Champion, 266 Ky. 757, 99 S. W. (2d) 813.

The appeal as to the first-mentioned judgment is dismissed. The second judgment is reversed.