## Perkins et al. v. Hardwick et al.

(Decided Nov. 1, 1938.)

R. C. TARTAR for appellants.

RUSSELL JONES and JOHN M. PERKINS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Reversing.

The only question for determination in this case is whether or not the judgment entered is supported by the pleadings. Appellees Bonnie Hardwick and Ed Hardwick, her husband, brought this suit for the sale of certain jointly owned property and a division of the proceeds. Civil Code of Practice, section 490. Appellants, A. H. Perkins, Mary Perkins, and Kizziah Perkins are the only three defendants who have appealed, although another defendant was named in the petition. The other defendant appears, however, to have no interest in the present controversy. So far as these appellants are concerned, they complain of but one phase

of the judgment. Instead of ordering a sale of the land for division as prayed in the petition and as provided in the Civil Code of Practice, the chancellor fixed the value of appellee Bonnie Hardwick's share in the property at one hundred dollars ($100). He adjudged a lien to her on the property and directed a sale of "so much of the same as may be necessary to satisfy the said debt."

Clearly, the most that Mrs. Hardwick is entitled to claim is her fractional share in whatever proceeds may be derived from a sale of the jointly owned estate. This share may be one hundred dollars ($100) or it may be more or it may be less, depending upon the amount realized at the sale. There is nothing in the pleadings authorizing a judgment for any fixed amount.

It is insisted for appellees, however, that under their prayer for general relief, issue being joined, the chancellor was authorized to grant any relief to which the parties show themselves entitled, within the jurisdiction of the court to grant. There can be no question of the existence of this rule and of its application where the relief granted is supported by allegation and proof. We may assume that the proof introduced fully supported the judgment. The judgment must still conform to the allegations of the pleadings and here the pleadings go no further than to show a right of sale for partition. The Civil Code of Practice, section 90, where a litigant has not prayed for the relief properly applicable to the facts alleged, authorizes the court, when issue is joined, to go ahead and grant the proper relief nevertheless. But this relief must be such as the parties show themselves to be entitled. They can show themselves entitled to relief only by allegation of facts as well as proof of facts. Any other conclusion would nullify all consideration of pleadings once a defendant had answered.

Judgment reversed.