## Jameson et al. v. Jameson et al. (two cases).

Nov. 21, 1939.

Charles Ferguson and H. F. Green for appellants.

R. B. Dycus for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing in part and affirming in part.

This is a suit on a judicial sale bond. The trial court adjudged the action barred by limitations and reformed and voided certain deeds.

J. T. Jameson died intestate August 28, 1916, survived by his widow, Mrs. Leona Jameson, and one infant child, Lula Jameson. Under a decree his farm was sold February 12, 1921, to R. M. Doyle, who executed a six months' bond for $3,000, payable to the master commissioner. It was ordered that the proceeds should not be collected until the child became twenty-one years of age or should have a guardian to qualify. But on April 17, 1922, Doyle paid $1,018.61 on the bond, which was the amount of the court costs and dower. On August 15, 1922, the child died, still an infant. On September 20, 1922, her mother qualified as the administratrix of her estate. On December 28, 1926, Doyle conveyed the land

he had purchased to the mother of the deceased child. It is pleaded, and not denied, that this was intended to be in satisfaction of the balance due on the sale bond. Meanwhile, Mrs. Jameson had married C. M. Dunn. On August 19, 1937, Mrs. Jameson-Dunn conveyed the property to Will Jameson. Her husband did not join in the deed. She died intestate not long thereafter. Subsequently her mother, Mrs. Julia Ann Doyle, as her only heir, executed a deed to Will Jameson conveying whatever interest she had acquired in the land by inheritance from her daughter.

This suit was filed August 26, 1938, by the heirs of J. T. Jameson and a recently appointed administrator against R. M. Doyle to recover on the purchase money bond, due August 12, 1921, and the enforcement of a lien retained therein. The then owner, Will Jameson, and Mrs. Julia Ann Doyle as the sole heir of Mrs. Leona Jameson-Dunn, and her surviving husband, C. M. Dunn, were made parties defendant. It was asserted in the petition that the bond was the estate of the deceased child, Lula Jameson, and, being the conversion of real estate inherited by her from her father, it descended to her father's heirs exclusively under Section 1401 of the Statutes. Doyle set forth his conveyance of the land to the child's mother and also pleaded the fifteen year statute of limitations, Section 2514, Kentucky Statutes Supp. 1939. Will Jameson claimed a good title to the land and all the defendants joined issue on the question of inheritance of the proceeds of the bond. The court sustained Doyle's plea of limitations and dismissed the petition against him. From that part of the judgment the heirs and administrator of J. T. Jameson appeal.

They take the position that the statute of limitations did not begin to run on the death of the child August 15, 1922, (a) because no administrator was appointed for the estate of J. T. Jameson until a few days before this suit was brought, hence, no one was authorized to bring suit on the bond, and limitations did not begin to run until that date; and (b) because the conveyance of the property to Mrs. Jameson in satisfaction of the bond on December 28, 1926, was a recognition by Doyle of the obligation and had the effect of starting the running of the statutes anew. We do not think either point can be sustained.

The right to collect the proceeds of the bond did not rest in any personal representative of the deceased own-

er of the land, so it is not necessary to consider the effect of Section 2527, Statutes, relating to an extension of the periods of limitation pending the appointment of a personal representative. The bond was estate of the infant. If the right of collection rested in her personal representative for the purpose of distribution of the proceeds as converted real estate (Cf. McCoy v. Ferguson, 249 Ky. 34, 60 S. W. (2d) 931, 90 A. L. R. 891), her mother had qualified as administratrix of her estate on September 20, 1922, and could have proceeded at once. If the right of collection was in the descendants of her father, they waited until nearly sixteen years before bringing suit on the bond.

We think it sufficient response to the second proposition to say that the conveyance of the property to the mother, who had no personal interest in the land or in the proceeds of the bond, did not have the effect of extending the period of limitation.

The prayer of the petition is specific. It asks that the administrator of J. T. Jameson's estate and his heirs recover judgment on the bond for the use and benefit of the plaintiffs as descendants of the father of the deceased infant; that it be adjudged that the plaintiffs are entitled to the proceds; that they have a lien against the land which had been sold to secure payment of the obligation; and that the land be sold to satisfy the lien. They further pray for the recovery of their costs "and all proper and general relief to which they may appear entitled." Nowhere in the pleadings is there an allegation of mistake or fraud in the execution of the deed from Doyle to Mrs. Jameson or of any claim by the plaintiffs of title to the land. Nevertheless, the court rendered judgment (a) reforming the deed executed by Doyle to Mrs. Jameson and "adjudged (it) to be a deed to the heirs of J. T. Jameson as set out in the petition"; (b) that the conveyances of Mrs. Leona Jameson-Dunn and Mrs. Julia Ann Doyle to Will Jameson are void and passed no title or interest in the property; and (c) that the plaintiffs, as heirs of J. T. Jameson, are the owners of eight-ninths, and the defendant Will Jameson, who is also an heir, the owner of a one-ninth interest in the property.

Section 90, Civil Code of Practice, provides that a petition "must demand the specific relief to which the plaintiff considers himself entitled," and that it "may contain a general prayer for any other relief to which

the plaintiff may appear to be entitled.'' It provides that if defense be made the plaintiff may have judgment for other relief under a prayer therefor. The petition in this case, as we have stated, presented only a suit to collect the bond and the enforcement of the lien. We think it would be going far afield to say that the court could render judgment on matters so different and of such vital importance under a mere general request for whatever additional relief the parties may be entitled to, without any issue having been formed or the parties being given opportunity to defend. The interpretation of the Code provision in relation to the granting of general relief is that it must be consistent with that specifically prayed and, as well, with the case set up in the petition. As stated in Bradley v. Sears, 138 Ky. 230, 127 S. W. 782, 784:

> ''The court will not volunteer relief which a party does not suggest he is entitled to, or look outside of the averments of the pleading to find some relief that may be granted under a general prayer therefor, when the special relief expressly sought must be denied. A party who wants relief other than that specifically prayed for should seek it by alternative allegations in the petition and prayer, or the averments should show that he is clearly and certainly entitled to it.''

And as stated in Dunn v. Champion, 266 Ky. 757, 99 S. W. (2d) 813, 815: ''A court cannot voluntarily grant or thrust upon a litigant something he does not ask for.''

Wherefore, on the appeal of Will Jameson against J. T. Jameson's heirs and administrator the judgment is reversed insofar as it reformed Doyle's deed to Mrs. Jameson and held void the deeds from her and Mrs. Doyle to Will Jameson. On the appeal of Jameson's heirs against Will Jameson, R. M. Doyle and others, adjudging the collection of the purchase money bond to be barred by limitation, the judgment is affirmed.