## National Savings & Building Ass'n, v. Hutchinson et al.

Nov. 12, 1940.

Joe L. Price, Judge.

C. H. Lowry for appellant.

C. C. Grassham, Roy Garrison and Waller & Threlkeld for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The National Savings & Building Association issued 10 shares of capital stock to the appellee, Mrs. Mary Hutchinson, née Jay, in 1931. Mary Jay was 14 or 15 years of age at that time. A purchase of 8½ of the shares had been made earlier by the appellee's guardian, who was also secretary and treasurer of the Association. The guardian died in 1931 and it does not appear that another one was appointed thereafter. Mary Jay married in the early part of 1936. In June of that year she assigned her certificate of stock to the Association as surety for the payment of a note of $1,077, executed by her and her husband, Claude Hutchinson. On the day the certificate was assigned William J. Later and his wife executed a deed to a house and lot in Paducah to Mrs. Hutchinson. The purchase price of the property was paid to the Laters by the Association and Mrs. Hutchinson and her husband executed a mortgage upon the property to the Association to further secure the note for $1,077. The Hutchinsons lived in the house until it was damaged by the Ohio River flood in January, 1937. The Association spent some $1,200 in repairing the house after the flood.

Prior to the time Mrs. Hutchinson became of age, she notified the Laters and the Association that she was going to repudiate her transactions with them. She brought this action in October, 1938, against the Association and the Laters in which she asked for a rescis-

sion of the stock certificate, the payment to her by the Association of $1,000, with interest at the rate of 6 per cent from January 14, 1931; that the mortgage executed to the Association be cancelled; that the deed to her from the Laters be cancelled and that they be required to accept the deed and return the money paid them for the property; and for all equitable relief. The Laters filed a separate answer, counterclaim and cross-petition in which they prayed that the contract of sale and conveyance as to them be not repudiated, and that the Association be required to satisfy Mrs. Hutchinson for any liability which may have accrued in her favor by reason of the transactions complained of. The Association filed a separate answer and counterclaim in whicn it prayed that it be adjudged a first lien on the property and a first lien upon the stock certificate by virtue of the assignment to secure the balance of the purchase price of the property and also the repairs thereon. Claude Hutchinson was not made a party'to the cause. The issues were joined, proof was heard orally, and upon submission it was adjudged that Mrs. Hutchinson recover the sum of $894.09, representing the original investment of $1,000 in 1931, plus dividends, less advancements made to her by the Association and rent on the house; that the note, mortgage and assignment of the stock be cancelled since the transactions took place before Mrs. Hutchinson became of age and were repudiated thereafter; that the action and cross-action against the Laters be dismissed; that the Hutchinsons convey the property to the Association; that Mrs. Hutchinson surrender to the Association the stock certificate; and that the Association pay all the costs.

The principal ground urged for reversal is that the assignment of the 10 shares of stock by Mrs. Hutchinson is binding against her, in view of Section 862 of the Statutes. This section is as follows:

"Infants over fourteen years of age may become members in any association the same as adults, and the infant members shall be subject to the same duties and liabilities as respects their stock as adult members. Any receipt, releases, acquittance or discharge given to the association by an infant shall be binding upon the infant to the same extent as if he were of full age, but no infant shall be eligible to hold office in any association."

It is also insisted that there was no prayer for cancellation of the note and the assignment of the stock certificate. It is urged further that the most that could have been awarded Mrs. Hutchinson would have been to require the Laters to accept the tendered deed of conveyance (signed by both of the Hutchinsons) upon their returning to her the purchase money. In this connection it is urged that there was no basis for the direction that the Hutchinsons execute a deed to the Association, nor that the note which was executed also by Claude Hutchinson be cancelled as to him.

An infant may avoid his contract prior to his majority, or within a reasonable time thereafter, but he must return the consideration received. Walker v. Walker, 253 Ky. 378, 69 S. W. (2d) 716. This the appellee sought to do. We find no basis for the application of Section 862 of the Statutes in this case. The transaction here is not one of stock ownership alone. The appellee had owned the stock for several years and the judgment recognized her right so to do. The transaction involved herein does not appear to us to be an ordinary building and loan transaction. Not only did the Association require a mortgage on the property to secure the note for $1,077, but it required also that the appellee assign to it her certificate representing 10 shares of stock in the Association.

The judgment indicates that the chancellor treated the transaction by which the property was purchased as one involving directly only the Association and the appellee, because the appellee's action and the Association's cross-action against the Laters were dismissed. We think this was proper under the circumstances heretofore discussed. It is clear to us that the appellee was seeking to repudiate in full the transaction under which the property was purchased, and also to get her money back from the Association. While she did not pray for the cancellation of the note and the assignment, she did pray for a cancellation of the mortgage, as well as for all equitable relief. It was not improper, therefore, for the chancellor to set aside the whole transaction, in so far as the appellee was concerned. This would include the cancellation of the note, the mortgage and the assignment. The chancellor was dealing with an infant, and, as we have noted, there was a prayer for all equitable relief. Any and all relief to which the parties

showed themselves entitled could be granted. Farley v. Gibson, 235 Ky. 164, 30 S. W. (2d) 876; Young v. Barnett, 258 Ky. 330, 80 S. W. (2d) 16; City of Catlettsburg v. Davis' Adm'r, 262 Ky. 726, 91 S. W. (2d) 56; Perkins v. Hardwick, 275 Ky. 182, 121 S. W. (2d) 20.

As to the direction that the property be conveyed to the Association rather than to the Laters, we think this action was proper also, because we can not escape the conclusion that the Association was a moving spirit in the whole transaction. It paid the $800 to the Laters, and it repaired the property after the flood.

We have noted that Claude Hutchinson, the husband of the appellee, signed the note and mortgage, and that he was not made a party to the action. Of course, the cancellation of the note, mortgage and assignment was good only as to the appellee and the judgment is so construed. We have noted also that the judgment directed that the appellee and her husband execute a deed to the property to the Association, and also that the deed tendered with the petition was signed by them. It appears to us, therefore, that there is little likelihood that there will be any difficulty in obtaining the husband's signature to the deed. However, in the event there should be, suffice it to say that the Association is not without remedy to secure the execution of a valid deed.

Wherefore, the judgment is affirmed.