## Jones v. Hall et al.

May 15, 1945.

Ward & Ward for appellant.

Grover C. Wilson for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellee instituted an action in the Hazard police court against John Lovern to collect a grocery account of $91.77. Wages due Lovern by a construction company were attached. He appeared before the police judge and executed a replevin bond with Byrum Jones as surety. No judgment had been entered at the time the bond was executed, because Lovern, apparently, did not question the debt. Shortly thereafter Lovern left the county. When the bond was not paid an execution issued and it was returned "No property found." The transcript of the record was then taken to the office of the clerk of the circuit court and execution was issued thereon and was levied upon real estate belonging to Jones. The property was sold under the execution. Later Jones filed a motion in the circuit court to quash the execution and to have the sale set aside. These motions were sustained on the ground that the bond was executed before entry of the judgment in the police court. Later the appellee filed another proceeding. in the police court wherein she sought to recover on the bond as a common-law obligation. We do not have the second police court record before us, but the present record shows the appellee was seeking to recover the debt of $91.77, a $65 item of costs claimed by the sheriff and all other costs. A default judgment was entered in the police court for $91.77 and costs. The police judge issued an execution on the second judgment which was returned "No property found." The appellee then took the transcript to the office of the circuit clerk and execution was issued thereon. After the sheriff had levied this execution upon real property belonging to Jones, he filed this action in the circuit court wherein he sought to enjoin the sale of the land under execution. Upon a final determination, the court

dissolved the temporary restraining order issued by the clerk and directed the sheriff to proceed to sell a sufficient amount of Jones' property to satisfy the $91.77 judgment with interest and costs.

Reversal is urged upon the ground that the judge of the Hazard police court had no jurisdiction of the second action instituted by the appellee, because the amount in controversy exceeded $100.

Hazard is a city of the fourth class. KRS 26.030 provides that police courts in cities of the fourth and fifth classes have jurisdiction in civil cases coextensive with the county and equal to that of justices' courts. KRS 25.610 provides that justices' courts shall have civil jurisdiction concurrent with quarterly and circuit courts of all civil actions for the recovery of money or personal property where the value in controversy, exclusive of interest and costs, does not exceed $100. The amount sought to be collected by the appellee was the grocery account of $91.77, plus interest and costs. It is true that in the second proceeding in the police court she asked for $91.77 plus interest and $65 costs claimed by the sheriff, but the costs were incidental to her efforts to collect the amount in controversy, namely, the grocery account. The amount of the costs seems to us immaterial, since their allowance or disallowance would not change their character, namely the sums taxed as costs in the proceedings. Jones was seeking to avoid liability as surety on the Lovern bond in the amount of $91.77, and, as indicated above, this was the basis of the controversy between him and the appellee. The successful party to an action is entitled to his costs. KRS 453.040. Champion v. Le Van, 270 Ky. 139, 109 S. W. 2d 404.

There is some doubt in our minds as to whether we should take jurisdiction of this proceeding, since the amount involved is less than $100, but we have determined to do so under the authority of Barnes v. Groves, 294 Ky. 824, 172 S. W. 2d 650. We have given the appellant the benefit of the doubt and construed his effort to seek injunctive relief as not merely an effort to circumvent the statute limiting our right to review a monetary judgment.

Judgment affirmed.