## EWALD DISTRIBUTING CO., Inc. v. HOFFMAN.

Court of Appeals of Kentucky.
March 27, 1953.

Frank W. Burke and Skaggs, Hays & Fahey, Louisville, for appellant.

Louis Jull, Louisville, for appellee.

DUNCAN, Justice.

This action was instituted by appellee, a former employee of appellant, to recover sales commissions alleged to have been earned from January 1 to November 30, 1949, under an oral contract of employment. The lower court awarded appellee $877.92, and the employer has appealed.

The appellee was employed by appellant as a salesman in April, 1946, at a salary of

$250 per month, which through a series of raises had been increased to $350 per month by the end of 1947. In 1948, the compensation arrangement with all salesmen was changed, and under the changed arrangement, appellee insists that the terms of his employment provided for a commission based on his total sales. Appellee was employed under the latter arrangement throughout 1948 and until November 30, 1949, at which time he voluntarily terminated his employment to accept a better position. The dispute which arose between the parties concerns the amount of compensation due appellee for the period from January 1, to November 30, 1949.

Appellee contended that the appellant was indebted to him for all commissions which he earned over and above the $350 per month which had been paid to him. On the other hand, appellant maintained that the payment of the commission was nothing more than a year end bonus and was contingent upon appellee continuing his employment to the end of the calendar year. The Chancellor found that the terms of the agreement did not provide for the payment of the commission to be based on any contingency and entered a judgment in favor of appellee.

The evidence before the Chancellor concerning the terms of the oral contract was conflicting. The testimony of appellee and of appellant's president supported their respective versions of the contract. The only other evidence was the testimony of two other salesmen employed by the appellant, and their testimony is too equivocal to support either party's theory of the contract. The rule is too well established to require citation of authority that where the evidence is conflicting and the mind is left in doubt on any issue of fact the finding of the Chancellor will not be disturbed.

Appellant cites several cases in support of its contention that it is not liable to the appellee for the commissions in view of the fact that his employment did not continue throughout the calendar year. In Meredith v. Carl Youngstrom Co., Iowa, 205 N.W. 749, the Court simply held that the employer was not liable under the facts present in that case. The Court did not give any reason for its holding, but it might well have been because the agreement in that case specifically provided that the bonus or commissions were conditioned upon a full year's employment. The other authorities cited by appellant are not in point because the agreements which were construed specifically provided that payment was conditioned upon the employee remaining in the service of the employer until the end of the year. In the present case, the Chancellor specifically found upon ample evidence that the payment here was not contingent upon any such condition.

The judgment is affirmed.